**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

RUBEN FLORES-OLMOS, a/k/a
Angel Olmos, a/k/a Eduardo Muniz,
a/k/a Edrado Muniz, a/k/a Angel Perez
Olmos, a/k/a Alfonso,

　　　　Defendant-Appellant

No. 11-5010
(D.C. No. 4:10-CR-00121-GKF-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Ruben Flores-Olmos pleaded guilty to one count of being an alien in the

United States after deportation but reserved his right to appeal the district court's

denial of his motion to suppress evidence acquired during a traffic stop. On

appeal, Flores-Olmos argues that he was the victim of racial profiling. He further

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

contends that the Oklahoma seat belt law is ambiguous and that the doctrine of lenity should absolve him. Finding no error in the district court's refusal to suppress evidence of Flores-Olmos's illegal presence in the United States, we affirm.

Flores-Olmos was stopped by a Nowata County, Oklahoma, deputy sheriff after the deputy saw a passenger in Flores-Olmos's pickup hanging his upper body out of the passenger-side window in a fifty-five mile zone and apparently not wearing a seatbelt.[1] Flores-Olmos was unable to produce a driver's license or any other identification. His passenger showed the deputy an identification card apparently issued in Mexico. The deputy then asked Flores-Olmos whether he was in the United States legally. He admitted he was not. Flores-Olmos was arrested and jailed for failure to have a valid drivers' license. The local district attorney refused to prosecute the traffic offense; Flores-Olmos was turned over to the custody of the Department of Homeland Security and was removed to Mexico.

At the suppression hearing, the deputy testified that he determined to stop the pickup because of the perceived seatbelt violation and that he could not determine the nationality of the pickup's occupants until he approached the stopped vehicle. In denying the motion to suppress, the district court ruled that

---

[1] The passenger actually had his seatbelt fastened over his lap but had the diagonal shoulder belt under his right arm instead of across his chest and over his right shoulder. This is a violation of Oklahoma law which requires that seatbelts be "properly adjusted." Okla. Stat. tit. 47, § 12-417(A)(1).

the officer had reasonable cause to pull Flores-Olmos over because he observed a passenger apparently not wearing a seat belt, contrary to Oklahoma law. The court further ruled that, once having made a legal stop, the officer was allowed to request a driver's license and vehicle registration, run a computer check, and issue a citation.

We review the factual findings underlying the denial of a motion to suppress for clear error. *United States v. Le*, 173 F.3d 1258, 1264 (10th Cir. 1999). While we view the record in the light most favorable to the State, the ultimate question of whether the State's conduct was reasonable is a legal question we consider de novo. *See id.*

Under the Fourth Amendment, a traffic stop constitutes a seizure and therefore must be "reasonable." *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). A stop is reasonable if it is based on an observed traffic violation or a reasonable articulable suspicion that such a violation has occurred or is occurring. *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (en banc). Reasonable suspicion is "a particularized and objective basis" for suspecting the person stopped of criminal activity. *United States v. Cortez* , 449 U.S. 411, 417-18 (1981); *see also United States v. Callarman*, 273 F.3d 1284, 1287 (10th Cir. 2001) ("While either probable cause or reasonable suspicion is sufficient to justify a traffic stop, only the lesser requirement of reasonable suspicion is necessary.").

We are not convinced by Flores-Olmos's challenge to the traffic stop. Here, the district court made the factual finding that the deputy had reasonable cause to pull the pickup over because he observed what appeared to be an unrestrained passenger in the front-seat area of the vehicle. None of the evidence noted by Flores-Olmos establishes that this finding was clearly erroneous. In light of this factual finding, the accompanying legal conclusion is justified: the deputy had "a particularized and objective basis," *Cortez*, 449 U.S. at 417, for suspecting a violation of the Oklahoma seatbelt law.

"[A]s long as [an] officer's questioning does not extend [the] length of [a] traffic detention, there is no Fourth Amendment issue regarding the content of the officer's questions." *United States v. Guerrero-Espinoza*, 462 F.3d 1302, 1308 n.6 (10th Cir. 2006) (citing *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1258 (10th Cir. 2006)). Flores-Olmos does not argue that the detention was unreasonably prolonged because of the deputy's questioning.

Turning to the deputy's particular question to Flores-Olmos about his immigration status, we note that officers "can validly ask questions *during* a lawful traffic stop that are unrelated to the stop." *Guerrero-Espinoza*, 462 F.3d at 1308 n.6 (citing *Muehler v. Mena*, 544 U.S. 93, 101 (2005)). The deputy testified here that he asked about Flores-Olmos's immigration status before he arrested him for not having a driver's license. An officer does not need reasonable suspicion to inquire about immigration status. *Mena*, 544 U.S. at 101; *see also*

-4-

*United States v. Salinas-Calderon*, 728 F.2d 1298, 1301 n.3 (10th Cir. 1984) ("A state trooper has general investigatory authority to inquire into possible immigration violations.").

Focusing on Flores-Olmos's charge of racial profiling, we note the Supreme Court's admonition that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis," *Whren v. United States*, 517 U.S. 806, 813 (1996). Racial profiling issues concerning the intentional discriminatory application of the law are the province of the Equal Protection Clause. *Id.* In analyzing a charge of racial profiling in the context of a traffic stop, we have held a defendant

> must present evidence from which a jury could reasonably infer that the law enforcement officials involved were motivated by a discriminatory purpose and their actions had a discriminatory effect. To satisfy the discriminatory-effect element, one who claims selective enforcement must . . . make a credible showing that a similarly-situated individual of another race could have been, but was not, [stopped or] arrested . . . for the offense for which the defendant was [stopped or] arrested. . . . And the discriminatory-purpose element requires a showing that discriminatory intent was a motivating factor in the decision to enforce the criminal law against the defendant. Discriminatory intent can be shown by either direct or circumstantial evidence.

*Alcaraz-Arellano*, 441 F.3d at 1264 (alterations in original) (citations and internal quotation marks omitted). There is no evidence even remotely approaching this standard here. The stop was not rendered unreasonable on the ground that, after the stop was made, the deputy noticed the Hispanic appearance of the pickup

occupants.  The stop was based on an observed apparent traffic violation, not on the appearance of Flores-Olmos and his passenger.

Finally, Flores-Olmos argues that Oklahoma's seatbelt law is ambiguous and that the rule of lenity requires suppression.  "When confronted with an ambiguous criminal statute, the rule of lenity instructs courts to interpret those statutes in favor of the accused."  *United States v. Metzener*, 584 F.3d 928, 934 (10th Cir. 2009) (internal quotation marks omitted).  The state seatbelt law requires that front-seat occupants of passenger cars wear properly adjusted seatbelts.  *See* Okla. Stat. tit. 47, § 12-417(A)(1).  Included in the definition of "passenger cars" are "the passenger compartments of pickups, vans, minivans, and sport utility vehicles."  *Id.* § 12-417(A)(2).  Trucks are not considered "passenger cars."  *See id.*  Flores-Olmos argues that his vehicle could be considered either a pickup or a truck and thus the law is ambiguous.  This argument is meritless.

Pictures in the record show that Flores-Olmos's vehicle was a pickup. R. Vol. 1 at 77-78, 80.  The deputy described it as such in his incident report, and the district court found that the vehicle was "clearly a pickup."  *Id.,* Vol. 2 at 50. And finally, the Oklahoma Attorney General has clarified that "[p]ick-up trucks which are not licensed as farm vehicles . . . must comply with the mandatory seat belt law set forth at 47 O.S. 12-417(A)(1999)."  2000 OK AG 44, 2 (2000).

Flores-Olmos's pickup was not licensed as a farm vehicle, and thus Flores-Olmos and his passenger were required to wear properly adjusted seatbelts.

Because the stop was justified at its inception by the deputy's observation that a seatbelt violation may be occurring, and because the deputy's actions were "reasonably related in scope to the circumstances that first justified the interference," *United States v. Cline*, 349 F.3d 1276, 1286 (10th Cir. 2003) (internal quotation marks omitted), the district court was correct to deny Flores-Olmos's suppression motion.

We have granted the government's motion to supplement the record on appeal and now order the supplemental record to remain sealed. The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge